**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEN LI; et al., | No. 17-55972 |
| Plaintiffs-Appellants, | D.C. No. 8:17-cv-00323-DOC-SK |
| v. | |
| IRONSHORE INDEMNITY, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 6, 2018[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and RICE,[***] Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

This case arises from a malpractice dispute between an attorney, Ernesto Martinez, Jr., and a number of his clients. When Martinez and the clients settled the malpractice claim after arbitration, Martinez assigned to the clients all rights to any claims against his insurance company, Ironshore Indemnity, Inc.

Under a "Lawyers Professional Liability Policy," Ironshore promised to indemnify Martinez for damages "arising out of the rendering of or failure to render Professional Legal Services" and to defend Martinez against any claim seeking damages for such, "even if any of the allegations are groundless, false, or fraudulent." Under Exclusion M of the Policy, however, coverage does not extend to payments in connection with any claim "alleging, arising out of, based upon or attributable to the conversion, misappropriation, improper commingling of client funds, the return of or restitution, or disgorgement of fees, costs and expenses, or other amounts . . . ."

Ironshore refused to defend or indemnify Martinez for the resulting award. Martinez and the clients (as assignees of the rights to the Policy) then brought this suit (1) seeking a determination that Ironshore had a duty to defend and indemnify Martinez and (2) asserting four claims based on the alleged failure to do so. The district court granted Ironshore's motion to dismiss the complaint. The plaintiffs timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

2

Ironshore did not have a duty to defend or indemnify Martinez in the underlying arbitration actions. As the district court correctly observed, the request for the return of "overcharge[d]" fees was "self-evidently a demand for the 'return of . . . fees . . . or other amounts' under the Policy[,]" which is excluded from coverage under Exclusion M. The award for fees and costs from Martinez's defamation suit against one of his former clients is similarly "attributable to the conversion [and] misappropriation . . . of client funds"—and thus excluded—because Martinez brought the suit based on statements concerning his misappropriation of client funds. Finally, even if the policy exclusion does not apply, Martinez's claim—seeking restitution for the overbilling of his clients—is uninsurable as a matter of Texas law. *See In re TransTexas Gas Corp.*, 597 F.3d 298, 309-10 (5th Cir. 2010) (holding that a judgment restoring ill-gotten gains is uninsurable under Texas law). Because Ironshore did not owe a duty to defend or indemnify Martinez, the remaining causes of action based on the same also fail.

**AFFIRMED**.